**Charles L. ELLIOTT, Petitioner,**

**v.**

**Edward R. MEYERS, Respondent.**

**No. C–88–2542 SAW.**

United States District Court, N.D. California.

Aug. 12, 1988.

Charles L. Elliott, Soledad, Cal., in pro. per.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Petitioner is a state prisoner at Soledad, California. He was convicted under California law on two counts of battery against a police officer. His present imprisonment is for parole revocation.

Pursuant to Federal Rule of Civil Procedure 60(b), he moves to vacate the Court's judgment dismissing without prejudice his petition for a writ of habeas corpus. The Court had dismissed the petition because it contained two claims as to which petitioner had failed to show exhaustion of state rem-

edies. *See* Order, July 19, 1988, at 2, *citing Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) (entire habeas petition must be dismissed when it contains both exhausted and unexhausted claims).

Petitioner has now presented proof that the two claims had, indeed, been presented to the highest state court. *See* Petitioner's Exhibit A, Petition for Hearing in the Supreme Court of California, at 15–16. Petitioner having met the requirements to proceed *in forma pauperis* and having exhausted state judicial remedies on all claims, the Court proceeds to consider the merits.[1]

■ Petitioner first claims that he was interrogated in violation of his *Miranda* rights. After petitioner was apprehended and taken to the Fremont jail, he recognized one Officer Nelson, a high school friend, and called out his name. Officer Nelson recognized petitioner, and asked him "What's happening?" Petitioner replied to the effect that "I screwed up; I'm in trouble." Petitioner contends that Officer Nelson's question initiated a custodial interrogation subject to *Miranda.*

■ The state court found that petitioner's statement was voluntary and not made during the course of custodial interrogation. *People v. Elliott,* No. A033303 (First Appellate District, Division Three), at 7–8, Exhibit A to Petition. Whether police statements or actions amount to interrogation are questions of fact. *People of Territory of Guam v. Ichiyasu,* 838 F.2d 353, 357 (9th Cir.1988). Federal courts are required to presume the correctness of state court factual findings. 28 U.S.C. § 2254(d); *Kuhlmann v. Wilson,* 477 U.S. 436, 459, 106 S.Ct. 2616, 2630, 91 L.Ed.2d 364 (1986). In the absence of evidence to rebut this presumption, the petition cannot be granted on the grounds that petitioner's *Miranda* rights were violated.

---

1. The Court takes judicial notice of the documents on file in *Elliott v. Union City,* C–87–4947 SAW, in which petitioner sought relief for civil rights violations pursuant to 42 U.S.C. § 1983. *See United States v. Author Services,* 804 F.2d 1520, 1523 (9th Cir.1986) (court may take judicial notice of its own records). In dismissing petitioner's civil rights complaint, which also sought relief for *Miranda* rights violations, this Court indicated that all petitioner's claims of unlawful confinement would be addressed in the present petition for habeas corpus. Order, C–87–4947 SAW, July 19, 1988, at 3, 5.

■ Petitioner next charges that the state court erred in failing *sua sponte* to give a jury instruction that actual danger is not necessary to justify self-defense if there is an appearance of danger. *See* CALJIC No. 5.51. Challenges to jury instructions solely on the basis that state law was violated do not state a claim in federal habeas corpus. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982). To obtain habeas relief for state law errors, petitioner must show that the erroneous jury instructions "rendered the trial so fundamentally unfair as to deny due process." *Ahlswede v. Wolff*, 720 F.2d 1108, 1111 (9th Cir.1983). The Court must evaluate the jury instructions "in the context of the overall charge to the jury as a component of the entire trial process." *Prantil v. State of California*, 843 F.2d 314, 317 (9th Cir.1988).

Here, the evidence shows that the state trial court gave a jury instruction on self-defense, CALJIC No. 9.57. *People v. Elliott*, at 10–12. No evidence was presented at trial regarding the situation to which the omitted CALJIC No. 5.15 is directed, i.e., that it appeared to petitioner that he was threatened with excessive force although no such danger existed. *Id.* at 12. Accordingly, the failure to give this instruction did not violate petitioner's due process rights.

■ Petitioner next claims that the prosecution was guilty of misconduct in eliciting testimony regarding petitioner's prior disputes with his family and his working habits, in violation of the state court's *in limine* order. Habeas corpus may be granted for prosecutorial misconduct only when the trial has been so infected with unfairness as to make the resulting conviction a denial of due process. *Greer v. Miller*, —— U.S. ——, 107 S.Ct. 3102, 3109, 97 L.Ed.2d 618 (1987).

Neither of petitioner's allegations rise to the level of due process violations. The first challenged testimony did not refer to petitioner's violent or criminal history. It was volunteered by a witness, not elicited by the prosecution, and was immediately cut short by the prosecution. *People v.*

*Elliott*, at 4–5. The question regarding petitioner's working habits was invited by petitioner, not initiated by the prosecution. Even assuming that the question was in violation of the state court's *in limine* order, this single incident was not of sufficient significance to result in denial of the right to a fair trial. *See Greer*, 107 S.Ct. at 3109.

■ Petitioner also makes several allegations of ineffective assistance of counsel. To succeed on this claim, petitioner first must show that counsel made errors so serious that the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[2] Next, petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068.

Plaintiff's allegations do not satisfy these requirements. His claim that his counsel did not raise the defense of self-protection is belied by the evidence. Several self-defense instructions were given to the jury. *People v. Elliott*, at 10–11.

Counsel's alleged failure to object to the claimed "prosecutorial misconduct" and the failure to demand CALJIC 5.51 do not establish ineffective assistance of counsel. As pointed out earlier, neither the claimed misconduct nor the failure to give the CALJIC instruction resulted in a denial of due process.

■ Nor was counsel's decision not to move for a mistrial during voir dire, but instead to excuse one juror, outside the scope of reasonable professional assistance. In sum, counsel's alleged conduct was insufficient to have undermined the functioning of the adversarial process to the point that the trial cannot be relied upon to have produced a just result. *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063.

■ Finally, petitioner argues that the trial court failed to strike testimony elicited by the prosecutor's alleged misconduct and to instruct the jury to disregard this con-

---

**2.** There is a strong presumption that counsel's conduct falls within the wide range of reason-able professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

duct. Federal habeas corpus relief is not available for these alleged violations of state law which do not rise to the level of due process violations. *Engle*, 456 U.S. at 119, 102 S.Ct. at 1567.

As petitioner is not entitled to relief on any of his claims, his habeas petition must be dismissed. 28 U.S.C. foll. § 2254, Rule 4.

Accordingly,

IT IS HEREBY ORDERED that:

(1) the petition for leave to proceed *in forma pauperis* is granted;

(2) the Court's Judgment of July 20, 1988 dismissing the petition for writ of habeas corpus without prejudice is vacated; and

(3) the petition for writ of habeas corpus is dismissed with prejudice.