Marcus BOVARIE, Plaintiff,

v.

G.J. GIURBINO, et al., Defendants.

No. 04 CV 2385 JM.

United States District Court,
S.D. California.

March 1, 2006.

Marcus Bovarie, Imperial, CA, Plaintiff, in pro per.

Deputy Attorney General G. Michael German, Office of the California Attorney General, San Diego, CA, for Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

MILLER, District Judge.

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was frequently denied access to the prison law library and, as a result, deprived of access to the courts. Defendant filed a motion to dismiss pursuant to Rule 12(b), arguing that Plaintiff had failed to exhaust his administrative remedies before filing suit. On January 12, 2006, United States Magistrate Judge William McCurine issued a Report and Recommendation ("R & R") recommending that this Court grant Defendant's motion to dismiss. Plaintiff has not filed objections. For the reasons set forth below, the court wholly adopts the conclusions and findings contained in the R & R incorporated by reference herein.

The duties of the district court in connection with a Magistrate Judge's R & R are set forth in the Federal Rules of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make a de novo determination of those portions of the report ... to which objection is made, and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1); *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Having conducted a de novo review of the papers submitted, the court finds the R & R presents a thorough and sound analysis of the issues raised by the parties. The R & R properly found that Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Therefore, the court concludes that Defendant's motion to dismiss should be granted for the reasons set forth in the R & R.

For the foregoing reasons, the court adopts in whole the findings and conclusion contained in the Report and Recommendation, which is incorporated herein by reference. Accordingly, the court dismisses the First Amended Complaint without prejudice.

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION RE GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE

MCCURINE, United States Magistrate Judge.

### I.

### INTRODUCTION

Marcus Bovarie ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison ("Centinela"), is proceeding *pro se* and *in forma pauperis* with a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while incarcerated at Centinela he was frequently denied access to the prison law library, thus depriving him access to the courts in violation of his civil rights. (First Amended Complaint ["FAC"] at 6.)[1]

---

1. Not all of the pages in Plaintiff's First Amended Complaint [Doc. No. 9] are numbered, and the few that are are not numbered sequentially. For the purpose of clarity, all references to specific page numbers will be as if the pages were numbered in sequential order.

Currently before the Court is a Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b) [Doc. No. 21] filed on behalf of Centinela State Prison officials Cullors, Giurbino, Robb, Steinhaus and Gonzalez ("Defendants"). Plaintiff has not filed an opposition.

After thorough review of Defendants' Motion, and all exhibits and declarations attached thereto, and for the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Request for Judicial Notice be **GRANTED IN PART**, and **DENIED IN PART**, and that Defendants' Motion to Dismiss be **GRANTED** and the case **DISMISSED WITHOUT PREJUDICE**.

## II.

### BACKGROUND

Plaintiff's FAC contains a single cause of action alleging that his civil rights were violated as a result of being denied access to the law library at Centinela. (FAC at 5–6.)

Seeking habeas corpus relief in an unrelated action, Plaintiff claims that his ability to conduct legal research and prepare effective legal filings has been substantially impaired by the law library's inaccessibility. (*Id.* at 8.) Specifically, Plaintiff alleges that he was denied access to the law library altogether for a period of five months, ending on November 13, 2004 (*id.* at 6); that from December 2004 to February 2005, he was only allowed access twice (*id.* at 7); and that while he was preparing his FAC, he was not given access to the library at all—a period of approximately one month (*id.* at 9).

Plaintiff claims that he submitted three separate inmate appeal forms (CDC Form 602) addressing his concerns, but never received a response. (Exhibit G to FAC.) Then, on September 22, 2004, Plaintiff submitted a Form 602 directly to the warden's office (Exhibit B to FAC), which was ulti-mately denied at the first level on October 25, 2004. (Exhibit C to FAC.) Plaintiff's FAC acknowledges that he did not exhaust all forms of administrative relief prior to instituting this action. (*See* FAC at 11.)

## III.

### ARGUMENTS

#### A. Defendants' Argument

Defendants seek to dismiss the FAC on the ground that Plaintiff failed to exhaust all administrative remedies before filing this action. (Defs. Mtn. To Dismiss at 3.) Defendants argue that Plaintiff failed to satisfy the grievance requirements of 42 U.S.C. § 1997c(a) by failing to complete any appeal beyond the first formal level. (*Id.* at 5.) In support of their position, Defendants refer to Plaintiff's own admission that he has not exhausted all administrative remedies, and also to the absence of any completed appeal record beyond the first level. (*Id.*) The combination of these factors, Defendants argue, necessitate a dismissal of the FAC. (*Id.* at 5–6.)

Additionally, Defendants request that the Court take judicial notice of (1) "the complete file and records in this action;" (2) the Declarations of D. DeGeus and N. Grannis, and the exhibits attached thereto; and (3) tit. 15, California Code of Regulations, section 3084.6.

#### B. Plaintiff's Argument

Plaintiff maintains that his constitutional right of access to the courts has been denied because of "lockdown" and "modified program" procedures at Centinela. (FAC at 6.) He claims that the current procedures make it very difficult to obtain access to the prison's law library. (*Id.*) As a result of his limited library access, Plaintiff contends that he has been forced to submit "flawed, partial, barely researched, and ineffective" legal work. (*Id.* at 8.)

In his FAC, Plaintiff admits he has not exhausted all administrative remedies. (*See id.* at 11). However, he argues that the time constraints imposed by this action combined with the relatively lengthy appeal process prohibit further administrative action. (*Id.* at 12.) Plaintiff has offered no opposition to Defendants' Motion to Dismiss.

## IV.

## STANDARDS

### A. Exhaustion of Administrative Remedies

 The Prison Litigation Reform Act ("PLRA") expressly provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is a mandatory prerequisite to filing suit, irrespective of whether the available administrative remedy is plain, speedy, or effective. *Booth v. Churner,* 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Section 1997e(a) does not contain any exceptions to the statutory exhaustion requirement, and a court does not have discretion to excuse exhaustion in the interests of justice. *Booth,* 532 U.S. at 741 n. 5, 6, 121 S.Ct. 1819 ("we stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.")

According to Title 15 of the California Code of Regulations, a prisoner attempting to resolve a grievance must meet several criteria in order to exhaust administrative remedies. *See generally, Lira v. Herrera,* 427 F.3d 1164, 1166 (9th Cir.2005). First, the prisoner must attempt to resolve the grievance informally with the staff involved. Cal. Code Regs. tit. 15, § 3084.5(a). If unsuccessful, the prisoner must then submit a first level formal appeal. *Id.* at § 3084.5(b). If unsuccessful at the first level, the prisoner must then submit an appeal to the second formal level which is reviewed by the institution head or regional parole administrator. *Id.* at § 3084.5(©). Finally, the prisoner must submit a formal appeal for third level review conducted by a designated representative of the Director. *Id.* at § 3084.5(d).

### B. Unenumerated 12(b) Motion to Dismiss

 "[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir.2003). When deciding an unenumerated 12(b) motion, the court may look beyond the pleadings and consider facts outside the record. *Ritza v. Int'l Longshoremen's and Warehousemen's Union,* 837 F.2d 365, 369 (9th Cir.1988); *Wyatt,* 315 F.3d at 1119–1120. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt,* 315 F.3d at 1120.

### C. Judicial Notice

Federal Rule of Evidence 201 allows a court to take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied

with the necessary information." *Id.* at 201(©).

■ "[A] court may take judicial notice of its own records." *U.S. v. Author Svcs., Inc.,* 804 F.2d 1520, 1522 (9th Cir. 1986.) Additionally, a court "may take judicial notice of a record of a state agency not subject to reasonable dispute." *City of Sausalito v. O'Neill,* 386 F.3d 1186, 1223 n. 2 (9th Cir.2004).

## V.

### DISCUSSION

#### A. Judicial Notice

As noted above, Defendants ask the Court to judicially notice three (3) items. For the following reasons, **IT IS RECOMMENDED** that Defendants' Request for Judicial Notice be **GRANTED IN PART**, and **DENIED IN PART**.

#### 1. File and Records in this Action

This Court will take judicial notice of the *existence* of the files and records in this action. *Author Svcs., Inc.,* 804 F.2d at 1522.

#### 2. Declarations and Exhibits

##### a. Declarations of N. Grannis and D. DeGeus

Defendants' request for judicial notice of the declarations of N. Grannis and D. DeGeus is inappropriate and superfluous given the liberal standard under which courts determine unenumerated 12(b) motions. As previously noted, a court may look beyond the pleadings and consider facts outside the record, such as declarations submitted by the parties. See *Wyatt,* 315 F.3d at 1119–1120 (after determining that it was appropriate to consider the affidavits submitted by the defendants, the court found them insufficient to show that plaintiff failed to exhaust his administrative remedies.) Thus, while the declarations submitted by Defendants will be consid-

ered in deciding the Motion to Dismiss, it is unnecessary for the Court to take judicial notice of these documents.

##### b. Exhibits Attached to the Declaration of D. DeGeus

This Court declines to take judicial notice of "Exhibit A" attached to the Declaration of D. DeGeus as the same information is available elsewhere in the record. (*See* Exhibit B to FAC.) However, since this information is contained in Plaintiff's FAC, the Court can and does consider it in deciding Defendants' unenumerated 12(b) motion to dismiss.

This Court declines to take judicial notice of "Exhibit B" attached to the Declaration of D. DeGeus as the same information is available elsewhere in the record. (*See* Exhibit C to FAC.) However, since this information is contained in Plaintiff's FAC, the Court can and does consider it in deciding Defendants' unenumerated 12(b) motion to dismiss.

The Court finds that "Exhibit C" attached to the Declaration of D. DeGeus is sufficiently authenticated, and will accordingly take judicial notice of this document, as explained below. In his declaration, signed under penalty of perjury, D. DeGeüs states that he is familiar with the inmate appeals process. (*Id.* at ¶ 1.) He explains that a thorough review of the prison's appeal records was conducted (*id.* at ¶ 4), which revealed that the appeals office received Plaintiff's first formal level appeal on September 27, 2004 (appeal no. 04–1435). (*Id.*) D. DeGeus further testifies that after Plaintiff's appeal no. 04–1435 was denied at the first formal level, he began to appeal it at the second level but never completed this second level appeal. (*Id.*) Finally, D. DeGeus states that the appeals office has no other copies of any appeals submitted by Plaintiff related to

law library access, other than appeal no. 04–1435. (*Id.* at ¶ 5–6.)

To support his testimony, D. DeGeus attached Exhibit C to his declaration. He attests that Exhibit C is a true and correct copy of "Inmate/Parolee Appeals Tracking System Printout—Level I & II." (*Id.* at ¶ 7.) The Court finds that D. DeGeus' declaration sufficiently authenticates Exhibit C, and it is admissible evidence of the absence of appeal records. *See* FED. R. EVID. 803(7), 901.

### 3. California Code of Regulations § 3084.6

This Court will also take judicial notice of California Code of Regulations section 3084.6.

### B. *Failure to Exhaust Administrative Remedies*

Plaintiff does not contend that the has fully complied with the grievance requirements mandated by Title 15. Rather, in his FAC Plaintiff checked the box indicating that he has *not* exhausted all administrative remedies. (FAC at 11.) Plaintiff concedes that he has only completed a first level appeal (*id.* at 12), but explains that the time constraints imposed by this case are sufficient to excuse his pursuit of any further administrative action. (*Id.*)

■■ "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." *Wyatt,* 315 F.3d at 1120. But since section 1997e(a) does not provide for any exceptions to the statutory exhaustion requirement, the excuse proffered by Plaintiff is irrelevant. Under *Wyatt,* Plaintiff's own admission that he failed to exhaust all administrative remedies is valid to warrant a dismissal.

However, as the Ninth Circuit enunciated in *Wyatt,* "nonexhaustion . . . does not impose a pleading requirement." *Wyatt,* 315 F.3d at 1119. To hold otherwise would be inconsistent with the courts' liberal construction of pleadings by *pro se* prisoners. *Id.* Instead, "defendants have the burden of raising and proving the absence of exhaustion." *Id.* This holding is in line with the observation that prison administrators are in a better position to show nonexhaustion than a prisoner is to show exhaustion. *Id.*

The documents and affidavits produced by Defendants establish that Plaintiff failed to exhaust the administrative appeal process. In particular, the Declaration of D. Degeus corroborates Plaintiff's concession that he completed only a first level appeal prior to filing this action.

> "[T]he appeals office received [Plaintiff's] appeal no. 04–1435 at the first, formal level on September 22, 2004, after he had filed it at the informal level on September 22, 2004. This appeal was denied at the first level on October 25, 2004. Our records further confirm that [Plaintiff] began to appeal no. 04–1435 to the second level of appeal on November 12, 2004, but never completed this appeal at the second level after it was screened out and returned to [Plaintiff] as incomplete on December 1, 2004 . . . : A thorough review of this office's records produced no copy or other evidence of any appeal from [Plaintiff], prior to or after September 22, 2004, addressing any access to law library issues."

(Decl. of D. DeGeus at ¶¶ 4–5.)

Additionally, the Declaration of N. Grannis is sufficient to show that Plaintiff never appealed to the third formal level, a step required for exhaustion. "The Inmate Appeals Branch of CDCR has no record of any inmate appeal accepted for review at the third or Director's level from [Plaintiff]. The Inmate Appeals Branch also has no record of any third or Director's level decision issued to [Plaintiff]." (Decl. of N. Gunnis at ¶ 8.) Thus, Defendants have met

their burden of showing that Plaintiff did not exhaust his administrative remedies.

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**, and the case **DISMISSED WITHOUT PREJUDICE**.

## VI.

### *CONCLUSION AND RECOMMENDATION THEREON*

Based on Plaintiff's own concession, and on Defendants' documents and affidavits, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss the FAC be **GRANTED**, and the case be **DISMISSED WITHOUT PREJUDICE**. Defendants' Request for Judicial Notice is **GRANTED IN PART, and DENIED IN PART**.

This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2005). Any party may file written objections with the court and serve a copy on all parties by January 31, 2006. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by February 14, 2006. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

**IT IS SO ORDERED.**

January 12, 2006.