UNITED STATES ET AL. *v.* JOSE, TRUSTEE OF JOSE
BUSINESS TRUST ET AL.

No. 95–2082.   Decided December 2, 1996

· PER CURIAM.

Petitioners, the United States of America and Leslie M. Nishimura, Revenue Agent of the Internal Revenue Service (IRS or Service), commenced a proceeding to enforce two

IRS summonses issued to Laddie F. Jose, as trustee for the Jose Business Trust and Jose Family Trust. The Service represented to the Magistrate that the documents sought "are for the purpose of a civil investigation." App. to Pet. for Cert. 16a. The Magistrate found the summonses valid and enforceable for the purpose stated. He did not address the question whether the summons enforcement requirements "would be satisfied in the event petitioners decide to pursue a criminal tax investigation." *Ibid.* That question was not before him in view of the sole purpose—civil investigation—specified by the IRS. *Ibid.*

The Magistrate recommended that the District Court (1) enforce petitioners' summonses, and (2) require the IRS to give respondent five days' notice prior to any circulation or transfer of the summoned documents to any division of the IRS other than the Examination Division. *Id.,* at 20a–21a.

Before the District Court, neither party objected to the finding that the alleged civil investigation was a legitimate purpose and that the summonses are valid and should be enforced. *Id.,* at 16a. The single issue in controversy was "whether [the court] may restrict enforcement of petitioners' summonses by requiring the IRS to notify respondent five days in advance before circulating, transferring, or copying the summon[ed] documents to any other division of the IRS, including its [C]riminal Investigation Division." *Id.,* at 15a. The District Court determined that the restriction was lawful and proper and entered a final order to that effect. *Id.,* at 19a.

The Service appealed, asserting that the District Court lacked authority to impose the restriction. The Ninth Circuit correctly recognized that it had jurisdiction "pursuant to 28 U. S. C. § 1291," which authorizes appeals from "final decisions." It nonetheless dismissed the appeal "as not ripe." 71 F. 3d 1484, 1485 (1995). The majority stated:

> "The record indicates that the IRS represented to the district court that the documents requested of Jose were

for civil tax examination purposes only, not for a criminal investigation. The record does not indicate that the Examination Division has attempted to disclose the documents to any other IRS division, thereby triggering the five-day notice requirement. Thus, any detrimental impact the district court's order may have on the IRS's investigation is, at this time, purely speculative. Accordingly, the IRS's appeal is not ripe for review." *Ibid.*

The dissenting judge concluded that the case was "ready and ripe" for decision, *id.*, at 1486, and stated at some length her reasons for believing that the restriction approved by the District Court was unwarranted. The United States and Revenue Agent Nishimura petitioned for certiorari. We called for a response from trustee Jose, but he filed no brief in opposition. We now reverse.

We express no opinion on the merits of the underlying dispute. The matter, indeed, is one that implicates an intercircuit conflict.* We think it clear, however, that the District Court's final order is indeed final. It is a decision dispositively granting in part and denying in part the remedy requested. The IRS prevailed to the extent that the District Court enforced the summonses. The Service did not

---

*Compare *United States* v. *Barrett*, 837 F. 2d 1341, 1349–1351 (CA5 1988) (en banc) *(per curiam)* (District Court lacks authority to place conditions on enforcement of IRS summons), cert. denied, 492 U. S. 926 (1989), with *United States* v. *Zolin*, 809 F. 2d 1411, 1417 (CA9 1987) (upholding conditions on enforcement of IRS summons), aff'd by an equally divided Court, 491 U. S. 554, 561 (1989), and *United States* v. *Author Servs., Inc.*, 804 F. 2d 1520, 1525–1526 (CA9 1986) (District Court has "considerable" discretion to set terms of enforcement order); see also *Church of Scientology of Cal.* v. *United States*, 506 U. S. 9, 14–15, n. 7 (1992) (recognizing split). The existing intercircuit conflict concerns judicial limitations on disclosure by the agency seeking summons enforcement to other governmental agencies. The instant case involves the related but distinct question of the District Court's authority to restrict sharing of information within an agency.

prevail to the extent that the District Court imposed a condition—an unqualified requirement that the IRS provide five days' notice to the trustee before transferring summoned information from its Examination Division to any other IRS office. With that disposition, the District Court completed its adjudication. "[W]e have expressly held that IRS summons enforcement orders *are* subject to appellate review." *Church of Scientology of Cal.* v. *United States,* 506 U. S. 9, 15 (1992) (citing *Reisman* v. *Caplin,* 375 U. S. 440, 449 (1964)). We adhere to that view, and note that appellate jurisdiction over final decisions does not turn on which side prevailed in the District Court.

Finality, not ripeness, is the doctrine governing appeals from district court to court of appeals. In this case, to gain access to appeal from the District Court's final decision to the extent that it disfavored the Service, the IRS is not obligated, first, to defy the District Court's order. Nor is the IRS required to provide notice of its intention to transfer documents internally, for this is the very condition the IRS seeks to attack on appeal.

The Court of Appeals cited no authority supporting its cryptic declaration that the conditional enforcement order was not ripe for appeal. We have found none. Indeed, prior to this case, the Ninth Circuit itself had twice upheld similar conditional enforcement orders. See *United States* v. *Zolin,* 809 F. 2d 1411, 1417 (CA9 1987); *United States* v. *Author Servs., Inc.,* 804 F. 2d 1520, 1525–1526 (CA9 1986). In neither case did the Court of Appeals avoid the merits by interjecting the doctrine of ripeness. Aggrieved by the conditional enforcement upheld in *Zolin,* the United States petitioned this Court for a writ of certiorari. We granted the writ, 488 U. S. 907 (1988), and affirmed the Ninth Circuit's ruling by an equally divided Court, 491 U. S. 554, 561 (1989). We hardly would have done so had we considered the matter unfit for review.

58

For the reasons stated, we grant the petition for a writ of certiorari, reverse the Ninth Circuit's judgment dismissing the appeal, and remand the case for further proceedings consistent with this opinion.