UNITED STATES of America; Leslie M. Nishimura, Revenue Agent of the Internal Revenue Service, Plaintiffs–Appellants,

v.

Laddie F. JOSE, Trustee of Jose Business Trust and Jose Family Trust, Defendant–Appellee.

No. 93–17028.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 26, 1997.

Decided Dec. 19, 1997.

Gary R. Allen and Charles E. Brookhart, United States Department of Justice, Washington, DC, for plaintiffs-appellants.

Benjamin B. Cassiday, III, Honolulu, Hawaii, for defendant-appellee.

Before: FLETCHER, PREGERSON, REINHARDT, HALL, BRUNETTI, KOZINSKI, TROTT, FERNANDEZ, RYMER, HAWKINS and THOMAS, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

The Internal Revenue Service (IRS) appeals from the district court's order conditionally enforcing two IRS summonses served on Laddie F. Jose (Respondent) as trustee of the Jose Business Trust and Jose Family Trust. The condition requires the IRS Examination Division to give Respondent five days notice prior to transferring the summoned documents to any other division within the IRS, including the Criminal Investigation Division. This court initially dismissed the appeal as not yet ripe. The Supreme Court reversed and remanded for this court to consider the merits. We decided sua sponte to consider the merits of this case en banc. We have jurisdiction pursuant to 21 U.S.C. § 1291 and we reverse.

## I.

This case arose when Leslie M. Nishimura (Nishimura), Revenue Agent of the IRS, commenced a civil tax investigation of the Jose Business Trust and Jose Family Trust for the tax years 1990 and 1991. In furtherance of the investigation, Nishimura sought to review certain trust documents in the possession of the Respondent. Respondent submitted these documents to Nishimura but restricted him from photocopying or disclosing their contents to anyone else without his permission. Nishimura initially agreed to these restrictions but then returned the doc-

uments, finding it impossible to complete the investigation under such restrictions.

Following the return of the documents to Respondent, IRS Revenue Officer Alan Ochiae served Respondent with two IRS summonses for testimony and the production of documents. When Respondent refused to comply, the IRS brought a summons enforcement action. At the enforcement hearing, the IRS represented to the magistrate judge that they sought the documents for the sole purpose of a civil investigation and established the four *Powell* criteria required to enforce a summons: (1) a legitimate purpose for the investigation; (2) an inquiry relevant to the purpose; (3) that the information sought was not already in the possession of the IRS; and (4) that the IRS had complied with the administrative steps required by the code. Respondent did not dispute the validity of the summonses for a civil tax investigation. However, Respondent did voice an unsubstantiated concern that these documents were going to be handed over to the United States Attorney's Office for criminal prosecution and requested an equitable order stating that the IRS could not turn the documents over to the United States Attorney's Office without prior notification. In response, the magistrate judge issued an even broader order requiring the IRS to notify Respondent five days prior to circulating, transferring, or copying the summoned documents to any other division of the IRS, including the Criminal Investigation Division. The district court adopted the magistrate judge's recommendation to enforce the summonses along with the five day notice requirement, rejecting the IRS' contention that the district court lacked the authority to impose the condition.

On appeal to the Ninth Circuit, the IRS again asserted that the district court lacked the authority to impose this condition on the summonses. The Ninth Circuit dismissed the case as not yet ripe because no attempt had been made to transfer the summoned documents to another division. *United States v. Jose,* 71 F.3d 1484 (9th Cir.1995) (Silver, J. dissenting). The Supreme Court

reversed and remanded for us to consider the merits of the appeal. *United States v. Jose,* —— U.S. ——, 117 S.Ct. 463, 136 L.Ed.2d 364 (1996) (per curiam). Additionally, the Supreme Court pointed out that "[t]he matter ... is one that implicates an inter circuit conflict" between the Fifth Circuit, forbidding conditional enforcement by limiting the district court to enforcing or denying summonses, and the Ninth Circuit, allowing for conditional enforcement. *Id.* at ——, 117 S.Ct. at 465. In light of this inter circuit conflict, we decided sua sponte to consider the merits of this case en banc.

## II.

The determination of whether the district court may conditionally enforce IRS summonses under the Internal Revenue Code is a question of statutory interpretation subject to de novo review. *Spicer Accounting, Inc. v. United States,* 918 F.2d 90, 92 (9th Cir.1990).

## III.

The summons power is an investigative tool provided by Congress to enable the IRS to determine and assess all taxes due under the Internal Revenue Code. Section 7602 grants the Secretary or his delegate wide latitude to summons information necessary for investigative purposes.[1]

If the summoned party refuses to produce the requested information, the government may seek judicial enforcement of the summons under § 7604. At the enforcement hearing, the IRS "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). "To establish a need for judicial enforcement, this showing need only be minimal.... [T]he statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted."

---

1. Unless otherwise indicated, all code sections herein refer to the Internal Revenue Code. 26 U.S.C. §§ 1–9722 (1994).

*Liberty Fin. Servs. v. United States,* 778 F.2d 1390, 1392 (9th Cir.1985).

■ The taxpayer "may challenge the summons on any appropriate grounds," including failure to satisfy the *Powell* requirements or abuse of the court's process. *Reisman v. Caplin,* 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964). However, once the Government has established the *Powell* requirements, "those opposing enforcement of a summons ... bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service.... Without a doubt, this burden is a heavy one." *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978). "The taxpayer must allege specific facts and evidence to support his allegations" of bad faith or improper purpose. *Liberty,* 778 F.2d at 1392.

■ In this case, there is no doubt that the IRS established the *Powell* requirements for a valid civil tax investigation. Neither party disputes this fact. The "heavy" burden was thus on the Respondent to "allege specific facts and evidence to support his allegations" that the IRS was proceeding in bad faith with the improper purpose of gathering information for criminal prosecution. It is well established that the IRS is acting in bad faith if it pursues a summons enforcement after having already decided to make a recommendation for prosecution to the United States Attorney's Office. *LaSalle,* 437 U.S. at 317, 98 S.Ct. at 2367; *United States v. Stuart,* 489 U.S. 353, 362, 109 S.Ct. 1183, 1188, 103 L.Ed.2d 388 (1989). However, Respondent made only a bald assertion that he "feel[s] that the underlying reason for this motion is criminal—a pending criminal prosecution." He provided no facts or evidence to support this allegation and thus did not come close to meeting his burden. Therefore, judicial enforcement of the summons was proper.

### IV.

■ Because the IRS satisfied the *Powell* requirements and Respondent failed to meet his burden of establishing bad faith or an improper purpose, the magistrate judge appropriately recommended enforcement of the summonses. However, in response to Respondent's concerns, the magistrate judge took the enforcement proceeding one step further. He recommended, and the district court adopted, a conditional enforcement scheme requiring the IRS to notify Respondent five days prior to transferring the summoned documents to any other division within the IRS. The imposition of this condition brings us to the primary issue in this case: May the district court conditionally enforce IRS summonses, or is it limited to enforcing or denying summonses?

Previous decisions by this court have held that the district court may conditionally enforce IRS summonses:

> The terms of an enforcement order rest within the discretion of the district court, and its discretion is 'considerable.' Courts routinely modify summonses to protect taxpayers' interests. This power has been construed to give a court the authority to condition enforcement of a summons on an IRS agreement to cease improper disclosures.

*United States v. Author Services,* 804 F.2d 1520, 1525 (9th Cir.1986) (citations omitted) (upholding a conditional summons enforcement forbidding disclosure of summoned documents to outside agencies or individuals without a court order). *Author Services* does not explain its rationale for upholding the district court's authority to conditionally enforce summonses. Instead, the opinion relies on two Fifth Circuit cases, *Dunn v. Ross,* 356 F.2d 664, 667 (5th Cir.1966), and *United States v. Texas Heart Institute,* 755 F.2d 469, 481 (5th Cir.1985), both of which were expressly overruled by the Fifth Circuit in *United States v. Barrett,* 837 F.2d 1341, 1350–51 (5th Cir.1988) (en banc), *cert. denied,* 492 U.S. 926, 109 S.Ct. 3264, 106 L.Ed.2d 609 (1989) (limiting the district courts' authority to enforcing or denying summonses).[2] In a subsequent decision that relied heavily on *Author Services,* we affirmed the district court's power to conditionally enforce IRS summonses. *United States v. Zolin,* 809 F.2d 1411, 1416 (9th Cir.1987), *aff'd in part and vacated in part on other grounds,* 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469

2. We recognize that the present case can be distinguished from *Author Services* and *Zolin* on

(1989) (prohibiting disclosure of summoned documents to other government agencies without a court order).[3]

Thereafter, the Fifth Circuit came out strongly against conditional summonses in *Barrett*, 837 F.2d at 1350, expressly overruling both *Dunn* and *Texas Heart Institute*. *Id.* at 1350–51. The court stated:

> In a summons enforcement proceeding, the district court's only task is to determine whether the summons should or should not be enforced. This inquiry is limited to ensuring that the government has complied with the four *Powell* criteria, and that its process is not being abused. There is no statutory authority, nor Congressional indication that existing statutes supply the authority, nor Supreme Court authority, to allow the district court to make any consideration except whether to enforce or not enforce the summons.... There is no middle ground because to create that remedy would unduly hamper the investigative efforts of the IRS.

*Id.* at 1350 (citations omitted).

As stated in *Barrett*, this holding is in line with the Supreme Court's consistent pattern of declining "to circumscribe the breadth of the summons authority that Congress intended to grant the IRS 'absent unambiguous directions from Congress'" in favor of upholding the IRS' investigatory powers and discretion. *Id.* at 1349–50 (citations omitted); *see United States v. Arthur Young & Co.*, 465 U.S. 805, 816–17, 104 S.Ct. 1495, 1501–02, 79 L.Ed.2d 826 (1984) (The language of § 7602 reflects "a congressional policy choice *in favor of disclosure* of all information relevant to a legitimate IRS inquiry.... If the broad latitude granted to the IRS by § 7602 is to be circumscribed, that is a choice for Congress, and not this Court, to make."); *United States v. Euge*, 444 U.S. 707, 715, 100 S.Ct. 874, 879, 63 L.Ed.2d 141 (1980) ("There is ... a formidable line of precedent construing congressional intent to uphold the claimed enforcement authority of the Service if authority is necessary for the effective enforcement of revenue laws and is not undercut by contrary legislative purposes."); *Donaldson v. United States*, 400 U.S. 517, 535–36, 91 S.Ct. 534, 544–45, 27 L.Ed.2d 580 (1971) (A summons may be used for criminal and civil purposes because "[t]here is no statutory suggestion for any meaningful line of distinction, for civil as compared with criminal purposes.... We refuse to draw that line and thus to stultify enforcement of federal law.").

Upon reconsideration, we agree with the Fifth Circuit's reasoning and holding in *Barrett* that "[t]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith," 837 F.2d at 1349 (citing *Powell*, 379 U.S. at 57–58, 85 S.Ct. at 254–55), and hold that the district court is strictly limited to enforcing or denying IRS summonses. Therefore, to the extent that *Author Services*, *Zolin*, and *Abrahams* authorize a district court to conditionally enforce IRS summonses they are overruled. REVERSED.

PREGERSON, Circuit Judge, dissenting:

I agree with Judge Hawkins that we should not overrule the line of cases that

---

its facts. Both of those cases restricted the disclosure of summoned documents to agencies and persons *outside* the IRS while the present case deals with restrictions on the IRS' *internal* use of summoned documents. However, we, like the Supreme Court, note the inter circuit conflict between the Ninth and Fifth Circuits on the issue of any conditional enforcement and proceed to resolve this conflict. *See United States v. Jose*, —— U.S. ——, ——, 117 S.Ct. 463, 465, 136 L.Ed.2d 364 (1996) (per curiam) ("The matter, indeed, is one that implicates an inter circuit conflict.").

**3.** The Supreme Court granted certiorari in *Zolin*, stating without discussion that it was "evenly divided with respect to the issue of the power of the district court to place restrictions upon the

dissemination by the IRS of information obtained through a § 7604 subpoena-enforcement action." 491 U.S. at 556, 109 S.Ct. at 2622. Thus, *Zolin* was affirmed, but the affirmance is not "authority for the determination of other cases, either in [the Supreme Court] or in inferior courts." *Hertz v. Woodman*, 218 U.S. 205, 213–14, 30 S.Ct. 621, 622–23, 54 L.Ed. 1001 (1910).

Shortly after *Zolin*, the Ninth Circuit again recognized the district court's power to conditionally enforce IRS summonses in *United States v. Abrahams*, 905 F.2d 1276 (9th Cir.1990) (holding it was an abuse of discretion to limit the number of documents the IRS can summons). Despite somewhat confusing language, a footnote made clear that the decision was not inconsistent with *Zolin*. *Id.* at 1287 n. 20.

upheld district courts' discretion to impose conditions on the *interagency* transfer of information. *See United States v. Abrahams,* 905 F.2d 1276 (9th Cir.1990); *United States v. Zolin,* 809 F.2d 1411 (9th Cir.1987), and *United States v. Author Services,* 804 F.2d 1520 (9th Cir.1986). Unlike Judge Hawkins, however, I do not concur in the end result that the majority reaches.

The district court, which was fully familiar with the history of the case and the parties, allowed the IRS Examination Division to transfer the summonsed documents to other divisions in the IRS, provided that the Examination Division gave Respondent five days' advance notice of such transfer. The district court's condition was de minimis, and was imposed only to ensure that the IRS would not abuse the court's process. *Compare United States v. Barrett,* 837 F.2d 1341, 1350 (5th Cir.1988) (en banc) (affirming district courts' discretionary authority to "ensur[e] that the government has complied with the four *Powell* criteria, and that its process is not being abused.").

For a long time we have recognized that "[t]he terms of an enforcement order rest within the discretion of the district court, and [that] its discretion is considerable." *Author Services,* 804 F.2d at 1525 (citations omitted) (internal quotation marks omitted). In my view, the district court acted within its discretion when it conditioned enforcement of the IRS's intra-agency transfer of summonsed documents on the de minimus requirement of five days' notice to the taxpayer. Therefore, I would affirm the district court's order.

Michael Daly HAWKINS, Circuit Judge, joined by FLETCHER, REINHARDT, and THOMAS, Circuit Judges, concurring in part and dissenting in part:

At a time when there is unprecedented concern about excessive enforcement efforts by tax collectors,[1] the majority removes a critical protection enjoyed by taxpayers: the discretionary authority of district court judges to place reasonable limits on what government may do with information it gathers from citizens. At the same time, the decision may also have the perverse effect of limiting some legitimate enforcement efforts, by forcing district courts to refuse summons enforcement in close cases. No longer will district judges, who are in a unique position to consider and balance the legitimate concerns of taxpayers against the proper needs of government for information about taxpayers, have the option of conditioning summons enforcement to ensure that the gathered information will be carefully and prudently used.

By shearing district court judges of this important option, we lessen the ability of the first line of defense against the potential of overreaching government action. This is all the more unfortunate on these facts because, as the government admitted at argument and as the majority acknowledges in footnote 2, it is simply not necessary to decide this case on the basis the majority chooses. In doing so, we give government more power and authority than it concedes is necessary to achieve its enforcement goals in this case. The majority no doubt believes it is not overreaching, but merely anticipating what the Supreme Court might do in this area. But that is not our job. As Judge Learned Hand observed, lower courts should resist the inclination to "embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant."[2]

The prior decisions of this Court the majority overrules today, *United States v. Abrahams,* 905 F.2d 1276 (9th Cir.1990), *United States v. Zolin,* 809 F.2d 1411 (9th Cir.1987), and *United States v. Author Services,* 804 F.2d 1520 (9th Cir.1986), dealt with conditions placed on the release of information

---

**1.** *See, e.g.,* Albert B. Crenshaw, *With Little Opposition or Debate, House Passes Bill That Would Overhaul IRS,* Wash. Post, Nov. 6 1997, at A14; John M. Broder, *Director of I.R.S. Issues an Apology for Agent Abuses,* N.Y. Times, Sept. 26, 1997, at A6; Tom Herman, *Staffers Tell of Wrongdoing by Fellow Aides,* Wall St. J., Sept. 26, 1997, A4.

**2.** *Spector Motor Service v. Walsh,* 139 F.2d 809, 823 (2d Cir.1943) (Hand, J., dissenting), *vacated,* 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101 (1944).

obtained through summons enforcement to agencies outside the Internal Revenue Service ("IRS"). The conditional enforcement orders in those cases prevented the IRS from sharing information with other government agencies other than the IRS—disclosures which would violate the laws of the United States.[3] By contrast, the conditions at issue here placed limits on what could be done with taxpayer information within the IRS itself. Without disturbing these prior decisions, indeed in reliance on them, the conditions imposed by the district court here could have been overturned.[4]

---

3. The IRS may disclose a taxpayer's return to the Department of Justice where "the treatment of an item reflected on such return is or may be related to the resolution of an issue in the proceeding or investigation." 26 U.S.C. § 6103(h)(2)(B). It may disclose the return or "return information" where "such … information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation." 26 U.S.C. § 6103(h)(2)(C).

4. The panel decision, *United States v. Jose*, 71 F.3d 1484 (9th Cir.1995), did not reach this issue as it found that the matter was moot; the government conceding at that argument that the condition imposed by the district court (prior notice if information was to be transferred from IRS Civil to IRS Criminal) was simply no longer an issue (i.e., civil enforcement was complete and there was no need to involve the IRS's criminal division).