**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

EVELYN CATHCART,

Respondent - Appellant.

No. 08-56929

D.C. No. 2:07-cv-08395-GHK-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted October 6, 2010

Pasadena, California

Before:    CUDAHY,[**] Senior Circuit Judge and WARDLAW and W.
           FLETCHER, Circuit Judges,             .

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard D. Cudahy, Senior United States Circuit
Judge for the Seventh Circuit, sitting by designation.

Taxpayer Evelyn Cathcart appeals the district court's order enforcing seven IRS summonses for records. *See* 26 U.S.C. § 7602(a)(2). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court correctly concluded that it had subject matter jurisdiction under 26 U.S.C. §§ 7402(b) and 7604(a), and that venue was proper under those provisions, because Cathcart was "found" in the Central District of California when she was personally served there with the petition to enforce the summonses and the district court's order to show cause. The district court also correctly determined that the government satisfied its burden for enforcement by introducing Revenue Agent Jaya Balu's sworn declaration attesting to compliance with the requirements of *United States v. Powell*, 379 U.S. 48, 57-58 (1964). *See Stewart v. United States*, 511 F.3d 1251, 1254 (9th Cir. 2008). We reject Cathcart's argument premised on *United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997) (en banc), that the district court lacked the authority to modify the summonses to permit Cathcart to produce the requested documents by mail rather than by personal appearance. *Jose* holds that a district court may not conditionally enforce a summons by restricting the IRS's use of the summoned material. *Id.* at 1329. Here, the district court changed only the manner in which Cathcart was to comply; the court limited

neither the investigative scope of the summonses nor the IRS's ability to use the material sought.

We also agree with the district court that Cathcart's speculative claims of bad faith and harassment – most of which pertain to the IRS's investigation of her husband Charles – do not carry her "heavy burden" of showing that the IRS issued the summonses for an illegitimate purpose. *See United States v. Stuckey*, 646 F.2d 1369, 1372 (9th Cir. 1981). The district court did not abuse its discretion by refusing Cathcart's request for an evidentiary hearing. Even taken as true, the declarations submitted by Cathcart establish at most that the IRS missed two scheduled appointments with Charles Cathcart and did not respond to several communications from Evelyn Cathcart. Such conduct does not rise to the "disruptive" and "damag[ing]" level that we have held to require a hearing in the past. *See, e.g.*, *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1347 (9th Cir. 1983).

Nonetheless, we note the troubling nature of the IRS's conduct. The IRS addressed the summonses to Cathcart at a residence in Tuxedo Park, N.Y., and served Cathcart at that residence in May 2006, but the summonses demanded that Cathcart appear personally in San Francisco, Calif., to produce the requested records. Two weeks after Cathcart was served with the summonses, her accountant

3

Charles Bailin faxed a letter to the issuing officer, Revenue Agent Marie Allen, suggesting that Cathcart should be allowed to produce the records by mail rather than in person. Bailin states that he followed up with phone calls and a second letter to Allen, but received no response. Instead, the IRS brought this enforcement action in December 2007. The IRS eventually conceded, in August 2008, that Cathcart could comply with the summonses by mailing the requested records to Allen. Contrary to the government's claim that Cathcart could have complied with the summonses at the time of issuance "simply by mailing the summoned documents to the IRS office in San Francisco," the summonses clearly require Cathcart "to appear" before Revenue Agent Allen in San Francisco. The government's memorandum in support of its petition to enforce the summonses asked the district court to issue an order "compelling Respondent to appear before an authorized representative of the IRS at a time and place to be determined by the IRS."

If production of the summoned records by mail sufficed, the IRS should have accepted Cathcart's offer in 2006, instead of consuming scarce agency and judicial resources in this litigation. By the same token, we note that we do not understand why Cathcart did not take up the IRS's belated invitation to comply by

4

mail in August 2008, choosing to litigate instead. In any event, the district court's order is affirmed.

**AFFIRMED**.