FILED

NOT FOR PUBLICATION

APR 15 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-55124 |
| Petitioner - Appellee, | D.C. No. CV-06-00408-DOC |
| v. | |
| LEE GODDARD & DUFFY LLP and WILLIAM A. GODDARD, | MEMORANDUM* |
| Respondents - Appellants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted April 13, 2011**
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Lee, Goddard & Duffy, LLP, and William A. Goddard, IV, appeal the

district court's November 2007 order regarding two tax summonses. As the facts

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

We have jurisdiction under 28 U.S.C. § 1291. *United States v. Jose*, 519 U.S. 54, 55–57 (1996) (per curiam). "The Order on its face evidenced the judge's intention that it be final. . . . [I]t fully adjudicated the issues at bar." *Slimick v. Silva* (*In re Slimick*), 928 F.2d 304, 308 (9th Cir. 1990). Unlike the June 2006 order, the November 2007 order did not explicitly reserve questions of privilege for future proceedings. *Cf. Steinert v. United States*, 571 F.2d 1105, 1106–07 (9th Cir. 1978). Accordingly, we refrain from combing the record in an attempt to divine whether the district court harbored subjective intentions that contradicted its written order.

Appellants have waived any arguments regarding the district court's conclusion that the disputed documents were responsive to the summonses. "'We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim. . . .'" *Indep. Living Ctr. of S. Cal., Inc. v. Shewry*, 543 F.3d 1050, 1065 n.17 (9th Cir. 2008) (citation omitted). Parties may not incorporate their district court briefs by reference. 9th Cir. R. 28-1(b); 16AA Charles Alan Wright et al., *Federal Practice & Procedure* § 3974.1 n.33 (4th ed. 2010 Supp.) (collecting cases). We therefore affirm the district court's conclusion

that the disputed documents related to "tax shelter transactions" under the terms of the summonses.

Because we affirm the district court's determination on the underlying legal dispute, we also conclude that the court acted within its discretion by declining to review documents *in camera* or allow Appellants an opportunity to file sworn affidavits. *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 324 n.7 (1985); *Donaldson v. United States*, 400 U.S. 517, 528–29 (1971), *superseded by statute on other grounds as stated in Tiffany Fine Arts*, 469 U.S. at 316.

**AFFIRMED.**