[Cite as *Bartlett v. Redford*, 2012-Ohio-2775.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97606**

# DIANE BARTLETT

PLAINTIFF-APPELLANT

vs.

# LANA REDFORD, D.D.S., ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-730529

**BEFORE:** Rocco, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 21, 2012

**FOR APPELLANT**

Diane Bartlett, pro se
18964 Rivers Edge Drive, West
Chagrin Falls, Ohio   44023

**ATTORNEY FOR APPELLEES**

Paul-Michael La Fayette
Poling and Petrello, L.P.A.
300 East Broad Street, Suite 350
Columbus, Ohio   43215

KENNETH A. ROCCO, J.:

{¶1} Plaintiff-appellant Diane Bartlett, proceeding pro se, appeals from the order of the trial court that granted summary judgment to defendants-appellees Lana Redford, D.D.S. and Lana Redford, D.D.S., Inc. (hereinafter referred to in the singular as "Redford") on Bartlett's claim for dental malpractice. The trial court determined Bartlett's claim was barred by the statute of limitations.

{¶2} Bartlett presents one assignment of error. She asserts the court wrongly denied Redford's motion to impose sanctions on Bartlett's trial attorney. For several reasons, this court declines to address her assertion.

{¶3} Because Bartlett presents no challenge at all to the trial court's decision in Redford's favor, the trial court's order is affirmed. Briefly stated, the underlying facts follow.

{¶4} On April 26, 2007, Bartlett, represented by counsel, initially filed her complaint for dental malpractice based upon treatment she alleged Redford negligently performed on November 7, 2005. On December 21, 2007, Bartlett voluntarily dismissed the case pursuant to Civ.R. 41(A). Because the dismissal occurred outside R.C. 2305.113, the statute of limitations for dental malpractice claims, R.C. 2305.19, the "Savings Statute," was triggered.

{¶5} On December 15, 2008, Bartlett, still represented by counsel, refiled her complaint against Redford. The refiled action was timely pursuant to R.C. 2305.19.

However, Bartlett's attorneys did not act in compliance with the trial court's case management orders.

{¶6} On June 24, 2009, five days prior to the scheduled trial date, Redford filed a motion to dismiss the case for failure to prosecute. After the trial court issued a journal entry that required Bartlett to respond to Redford's motion, the court ultimately dismissed Bartlett's refiled complaint "without prejudice." The journal entry of dismissal was dated June 30, 2009. In that same journal entry, the trial court also ordered Bartlett's attorneys to appear for a hearing to show cause why they should not be held in contempt for their failure to abide by the court's standing orders.

{¶7} On June 29, 2010, Bartlett, represented by the same attorneys, filed her complaint for dental malpractice against Redford for the third time. On July 19, 2010, Redford filed a motion to dismiss the case and for sanctions. Therein, Redford argued that Bartlett's claim was barred by the statute of limitations. On August 3, 2010, the trial court denied Redford's motion.

{¶8} Redford filed a notice of appeal from the trial court's order, but this court dismissed the appeal in an order dated January 28, 2011, citing R.C. 2505.02. On June 8, 2011, Bartlett's case returned to the trial court's active docket.

{¶9} On August 24, 2011, Bartlett's attorneys filed a motion to withdraw as counsel. They indicated "a fundamental disagreement" existed between them and their client. On August 25, 2011, the trial court granted the motion.

{¶10} On September 16, 2011, Redford filed a motion for summary judgment on Bartlett's dental malpractice claim.   Redford argued, inter alia, that Bartlett's claim was barred by the statute of limitations.

{¶11} Because she no longer was represented by counsel, Bartlett filed a letter addressed to the court as her response to Redford's motion.   Therein, she requested additional time to engage new counsel, and argued she could present evidence to support her claim.   She attached exhibits to her letter.

{¶12} On October 25, 2011, the trial court granted Redford's motion.   The court found Bartlett's claim was barred by R.C. 2305.113.

{¶13} Bartlett filed a timely appeal from the trial court's order; she presents the following as her sole assignment of error.

**"I.    The trial court erred in not taking sanctions against Appellant's counsel."**

{¶14} In her assignment of error, Bartlett presents no challenge to the trial court's journal entry dismissing her case.   Instead, she seeks to resurrect a motion Redford filed on July 19, 2010 and to adopt it as her own in order to punish her trial attorneys for what Bartlett perceives was their substandard representation of her in her dental malpractice case.  This court cannot grant Bartlett the relief she seeks.

{¶15} With respect to the trial court's order of dismissal, this court previously has observed in a similar situation as the one presented herein as follows:

> The plaintiff in this case has filed this case three times. The third filing of this case is barred because the statute of limitations has expired,

and because the savings statute cannot be used more than once, even when the prior cases were involuntarily dismissed without prejudice. *Seawright v. Zabell* (April 27, 1989), Cuyahoga App. No. 55232, unreported.

In *Seawright*, a dental malpractice claim, the plaintiff attempted to invoke R.C. 2305.19 subsequent to two prior dismissals without prejudice of the same causes of action. This Court affirmed the trial court's ruling that "the statute of limitations, by virtue of R.C. 2305.19, may only be extended for one year after the initially filed action fails otherwise than upon the merits." *Seawright* at 3.

*Iglodi v. Montz*, 8th Dist. No. 68621, 1995 WL 516609 (Aug. 31, 1995), *cited with approval Thomas v. Freeman*, 79 Ohio St.3d 221, 680 N.E.2d 997 (1997). *See also Frazier v. Fairfield Med. Ctr.*, 5th Dist. No. 08CA90, 2009-Ohio-4869.

{¶16} Because Bartlett's action had been filed for the third time outside R.C. 2305.113, the trial court acted properly in granting Redford's motion for summary judgment on Bartlett's claim.

{¶17} With respect to the trial court's failure to impose sanctions on Bartlett's attorneys, Bartlett lacks standing to raise such a challenge, because she neither brought the motion in the trial court nor was adversely affected by the trial court's inaction. *Compare Gregory v. Gottlieb*, 8th Dist. No. 76740, 2000 WL 45861 (Jan. 20, 2000). In order to have appellate standing, a party must be "aggrieved by" the order appealed from. *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 28, citing, inter alia, *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus, and *Forney v. Apfel*, 524 U.S. 266, 271, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998), quoting *United States v. Jose*, 519 U.S. 54, 56, 117 S.Ct. 463, 136 L.Ed.2d 364 (1996). In this case, Bartlett

was "aggrieved by" the order from which she filed her notice of appeal, not by any failure of the trial court to impose contempt sanctions on her attorneys as Redford requested.

{¶18} Finally, with respect to Bartlett's argument that her attorneys failed to represent her in a competent manner, she must pursue that contention in a different forum. The underlying case was not a claim against her attorneys for legal malpractice.

{¶19} This court lacks jurisdiction to consider her argument in the context in which it is raised. *See, e.g., Cuyahoga County Bar Assn. v. Drain*, 120 Ohio St.3d 288, 2008-Ohio-6141, 898 N.E.2d 580. "The Supreme Court of Ohio has exclusive jurisdiction over the practice of law in Ohio * * * ." *Greenspan v. Third Fed. S. & L. Assn.*, 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, paragraph two of the syllabus. *See also Crawford v. Firstmerit Mtge. Corp.*, 8th Dist. No. 89193, 2007-Ohio-6074.

{¶20} Having found no error resulting from the ruling from which Bartlett filed her notice of appeal, her assignment of error is overruled.

{¶21} The trial court's order is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR