**MAXCREST LIMITED, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 16-16587**

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2017 * San Francisco, California

Filed November 20, 2017

George Dominic Niespolo, Attorney, Duane Morris LLP, San Francisco, CA, Thomas W. Ostrander, Esquire, Duane Morris, LLP, Philadelphia, PA, for Petitioner-Appellant

Michael J. Haungs, Deborah Krauss Snyder, Esquire, Attorney, DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Respondent-Appellee

Before: RAWLINSON and BYBEE, Circuit Judges, and FRIEDMAN,** District Judge.

MEMORANDUM ***

Maxcrest Ltd. alleges that the government issued and reissued a summons in bad faith, because only on reissue was it

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

given notice and opportunity to complain that the summons was issued in bad faith. Bad faith exists where a summons is issued without a legitimate or proper purpose, to abuse a court's process, to harass a taxpayer, to improperly use the requested information, or otherwise to go fishing. *United States v. Clarke,* ─── U.S. ───, 134 S.Ct. 2361, 2367, 189 L.Ed.2d 330 (2014); *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *United States v. Jose,* 131 F.3d 1325, 1328 (9th Cir. 1997); *Liberty Fin. Servs. v. United States,* 778 F.2d 1390, 1392–93 (9th Cir. 1985). The government reissued the summons so that Maxcrest could have its opportunity to complain. Finally armed with that opportunity, Maxcrest now fails to allege even a single improper purpose behind either summons. The district court's order is thus

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.