**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-16869 |
| Petitioner-Appellee, | D.C. No. 2:12-cv-01994-GMN-PAL |
| v. | |
| THEODORE FREDERICK LEE, | MEMORANDUM[*] |
| Respondent-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted November 15, 2017
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and SMITH,[**] Chief District Judge.

Theodore Frederick Lee (Lee or Appellant) appeals from the district court's

orders and accompanying judgment granting the United States' (Government or

Appellee) motion to dismiss on mootness grounds and denying Lee's motion for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

reconsideration. We review de novo the district court's grant of a motion to dismiss for lack of jurisdiction. *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1103–04 (9th Cir. 2011). The denial of a motion for reconsideration is reviewed for abuse of discretion. *Tracht Gut, LLC v. Los Angeles Cty. Treas. & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1150 (9th Cir. 2016). We affirm.

In the course of the Internal Revenue Service's (IRS) investigation of Lee, it issued an administrative summons with respect to his federal income tax liabilities for 2006. When Lee did not comply, the Government filed a petition to enforce the administrative summons in the United States District Court for the District of Nevada. Subsequent to the Government filing its petition to enforce, but prior to the district court entering an enforcement order, Lee complied with the summons by producing the documents and testimony requested. This prompted the Government to move to dismiss on the basis of mootness, a motion the district court granted. Pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, Lee moved for reconsideration of the district court's dismissal order; however, that motion was denied.

First, Lee argues that the district court erred in finding that Lee's compliance with the IRS summons mooted any continuing interests or controversies. Lee's

argument is not persuasive. "An Article III federal court has 'no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1112 (9th Cir. 2012) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Here, Lee voluntarily complied with the IRS summons, which was the subject action prior to the Court issuing an enforcement order. This voluntary production of the records sought was an intervening circumstance that rendered the action moot.

IRS summonses are not self-enforcing. *See* 26 U.S.C. § 7604. The IRS, therefore, must seek enforcement from a federal district court. *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993); *see also United States v. Clarke*, 134 S. Ct. 2361, 2367 (2014) ("Congress made enforcement of an IRS summons contingent on a court's approval."). In the context of such proceedings, "the district court is strictly limited to enforcing or denying IRS summonses." *United*

*States v. Jose*, 131 F.3d 1325, 1329 (9th Cir. 1997). Lee's compliance with the IRS summons took both options off the table. Because Lee's compliance with the summons obviated any need for an enforcement order by the district court, the district court correctly dismissed the case as moot.

Lee relies on *Church of Scientology*, 506 U.S. at 12–13, to suggest that despite compliance, a district court may retain the authority to exclude or return the evidence covered by the summons. *Church of Scientology* is distinguishable. In that case, the district court entered a summons-enforcement order, and the requested materials were delivered to the IRS while an appeal from that order was pending. *Id.* at 10–11. Indeed, unlike here where compliance occurred before the district court ruled on the Government's petition, in *Church of Scientology* the validity of the summons was still under review when compliance occurred. Nothing remained for the district court to do once Lee complied. Thus, *Church of Scientology* is inapposite.

Additionally, we are unpersuaded by Lee's suggestion that he has a due process right to seek suppression of the records he voluntarily produced prior to an enforcement order. Because a taxpayer may challenge an IRS summons at an enforcement hearing, "[t]he taxpayer therefore has no liberty or property interest protectable by due process *prior to* the enforcement of the summons." *Gilleran*,

992 F.2d at 233–34 (emphasis added).   Lee's additional arguments, which largely attack the validity and good-faith nature of the summons, are not properly before the Court and, in any event, do not alter our mootness determination.  We have considered Lee's additional averments and deem them to be without merit.

Finally, it was not an abuse of discretion for the district court to deny Lee's motion for reconsideration because Lee has failed to demonstrate any ground sufficient for reconsideration.  *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993) (outlining standard of review and grounds justifying reconsideration).

Accordingly, the orders of the district court are **AFFIRMED.**